CHITTENDEN COUN...
FILED IN CLERKS OFFICE

FEB - 7 2002

DIANE A. LAVALLEE
CLERK

**STATE OF VERMONT**
**CHITTENDEN COUNTY, SS.**

JESSICA MARTIN,        )
      Plaintiff,        )
              )
              )
      v.        )        Chittenden Superior Court
              )        Docket No. S-1433-00 CnC
BERLIN CITY'S VT REMARKETED        )
AUTOS INC.,        )
      Defendant.        )

## DECISION AND ORDER

### Defendant's Motion for Summary Judgment, filed July 30, 2001

This matter is before the Court on Defendant's Motion for Summary Judgment filed July 30, 2001. Plaintiff's response was filed on August 24, 2001. Oral argument was heard on December 20, 2001. Defendant is represented by Bernard D. Lambek, Esq. Plaintiff is represented by Allison A. Ericson, Esq.

This case arises out of the sale of a vehicle sold by Berlin City to Jessica Martin. At the time the vehicle was shipped from the manufacturer (KIA Motors America, Inc. or KMA) to Berlin City, a small dent, approximately 1 to 3 inches, was discovered in the roof of the vehicle. At KMA's expense the dent was repaired on June 16, 1999, at a cost of $197.60. On June 28, 1999, Martin purchased the vehicle from Berlin City in the amount of $12,763.00. At the time of the sale, Berlin City did not inform Martin of the repair to the dent in the roof. Approximately sixty days after she purchased the vehicle, Martin discovered the transportation damage report and repair record relating to the roof dent in the glove compartment of the car. Following this discovery, Martin did not attempt to rescind the contract or question Berlin City about the repair record. During her ownership of the vehicle, the repaired dent was not visible and no mechanical or other problems were experienced as a result of the repair of the roof dent.

On November 3, 2000, Martin filed suit against Berlin City alleging Consumer Fraud, Common Law Fraud and Negligent Misrepresentation. At nearly the same time, on November 16, 2000, Martin entered a Release and Settlement Agreement with the manufacturer of the vehicle (KMA) whereby KMA agreed to repurchase the vehicle and compensate Martin for attorney's fees and costs incurred in connection with her claim against the manufacturer for various mechanical problems with the car, unrelated to the roof dent. The total payment, $15,000, included $10,117.13 to pay off the outstanding balance of the loan and $4,882.87 to pay Martin's attorneys fees, costs and disbursements. The claim against the dealership remains before the court. Plaintiff seeks damages for diminution in value of the car related to the undisclosed roof dent as well as other expenses related to her ownership of the car.

-1-



Berlin City seeks summary judgment arguing that because it compiled with the Motor Vehicle Manufacturers, Distributors and Dealers Franchising Practices Act, 9 V.S.A. § 4083 et seq., any claim of fraud or misrepresentation cannot be maintained. According to Berlin City, it was not obligated under the statute to inform Martin of the corrected damage to the vehicle because of the terms of a specific statute which exempts disclosure when damage is corrected prior to sale and it does not exceed the specified statutory percentage of the manufacturer's suggested retail price set forth in 9 V.S.A. § 4087(d). Martin responds that under the facts of this case, section 4087 does not apply and even if it did, the application of the statute does not preclude recovery for "unfair or deceptive acts or practices in commerce" under the Consumer Fraud Act, Common Law Fraud or Negligent Misrepresentation.

The main dispute in this case centers on the application of 9 V.S.A. § 4087 and the relationship between its provisions and those of the Consumer Fraud Act. First, does the statute apply at all, permitting non-disclosure of the repaired roof dent? Secondly, even if the statute apparently applies, apparently permitting non-disclosure, was Berlin City nonetheless obligated to inform Martin of the dent in the roof under the provisions of the Consumer Fraud Act?

Section 4087(d) provides:

> On any new motor vehicle, a manufacturer or distributor shall disclose in writing to a dealer and a dealer shall disclose in writing to the ultimate purchaser any uncorrected damage or any corrected damage to the vehicle, as measured by retail repair costs, if the corrected damage exceeds the following percentage of the manufacturer's suggested retail price, as defined in 15 U.S.C. §§ 1231-1233:
> (1) five percent up to the first $10,000.00; and
> (2) two percent on any amount over $10,000.00.
> Damage to glass, tires, wheels and bumpers shall be excluded from the calculation required in this subsection when replaced by identical manufacturer's original equipment.

9 V.S.A. § 4087(d).

Without more, the statute appears applicable based on the plain language. The suggested retail price of the vehicle was $9,995.00 and under the statute, in order to obligate Berlin City to disclose the damage to Martin prior to the sale of the vehicle, the retail repair cost would have had to exceed five percent of that amount, or $499.75. Here, the cost of repairing the dent to the roof totaled only $197.60, and the repair was completed prior to sale.

Martin argues, however, that section 4087 does not apply because the vehicle was not "new." To support this claim, Martin relies on the definition of "new" as found in 9 V.S.A. §

4085(8). Under that definition, a vehicle is new if it "has been sold to a new motor vehicle dealer and . . . has not been used [for] other than demonstration purposes . . . " 9 V.S.A. § 4085(8). Martin essentially contends that because the vehicle was driven to and from the repair shop to have the dent repaired, the vehicle was not "new" because it had been used for purposes other than demonstration. The Court does not find this argument persuasive. Driving the vehicle to and from the repair shop to have a minor dent repaired for purposes of selling a new car does not indicate that the vehicle was being used for purposes other than demonstration. If driving a vehicle to have it repaired removed the vehicle from the definition of "new," then few vehicles with minor transportation dents that have been repaired would ever trigger application of section 4087(d). The function of this provision is to define what constitutes a "new" car by drawing a line between damages of a minor nature that do not affect the essential "newness" of a car if they are fixed, and those that are substantial enough to render a car not eligible to be treated as a new car. Under this statutory framework, Martin's car was still within the category of "new."

Martin also claims that even if the statute applies, Berlin City's conduct does not satisfy the statutory requirements. On this issue, Martin essentially argues that the repair to the dent in the roof did not leave the damage "corrected" as required by the statute. According to Martin, the nature of the damage in this case was such that it could never be "corrected." The "original integrity" of the vehicle's body could only be restored by replacing the entire panel that was damaged. (Pl.'s Opp'n to Mot. for Summ. J. at 7.) As part of this argument, Martin asserts that because the damage was repaired and repainted only so that it was undetectable, Berlin City cannot argue that the vehicle was "corrected."

The Court finds from the undisputed facts that Berlin City sufficiently corrected the damage to the roof for the purposes of the statute. The dent was repaired and the roof was refinished and clear-coated. When asked about the damage to the roof, Martin stated that she could not locate the dent by inspecting the vehicle and that to her knowledge the dent was repaired to her satisfaction. She also indicated that she never had any mechanical problems stemming from the damage to the roof and that her sole basis of knowledge that the dent existed came from the repair record found in the glove compartment. Martin does not dispute that the Defendant had the repair work completed. Rather, Martin's evidence to contest the fact that the damage was corrected comes from an autobody repair person's affidavit statement that

> [t]he structural integrity of the body of a new automobile is comprised once it has sustained body damage, regardless of the manner in which it is repaired . . . . A new automobile cannot be returned to its original condition after it has sustained body damages unless the damaged body parts are replaced with new ones upon which the finish has been applied and baked on in the same manner that an original factory finish is.

Following Martin's line of reasoning, a vehicle not returned to its original or factory condition, would not be considered repaired or corrected under the statute.

-3-

The weakness of Martin's argument is that the statute does not require that a damaged vehicle be restored to its "original condition" and nothing in the statute requires that a vehicle be anything more than repaired. The statute merely refers to "uncorrected" and "corrected" damage and this Court is not obligated to look beyond the plain language of a statute absent any ambiguity. Tarrant v. Department of Taxes, 169 Vt. 189, 197 (1999) (if legislative intent is clear from the language the statute is enforced "according to its terms without resorting to statutory construction"). Had the Legislature intended the "corrected" vehicle to be restored to its factory or "original" condition, the statute would have either detailed that level of repair or would have required disclosure for *any* damage irrespective of the extent of damage. Instead, the Legislature chose to delineate specific monetary and functional thresholds under which repairs to vehicles need not be disclosed. In view of the purpose and function of the statute, the words "repair" and "corrected" must be interpreted according to their ordinary meaning in usage and common sense. Plaintiff has a valid metaphysical argument that a body panel with a dent that has been refinished and clear-coated will never be the same as an original body panel, but as a practical matter, neither the statute nor the facts in this case show a functional difference indicating that the roof dent in this case was not "corrected" by the repair.

If this Court were to read 9 V.S.A. § 4087(d) as Martin suggests, then disclosure would be required for any damaged vehicle not returned to its original or factory condition. This would not only read into the statute language that does not exist, but it would obviate the portion of the statute that defines when disclosure is required as measured by retail repair costs. See e.g., State v. Yorkey, 163 Vt. 355, 358 (1995) (construction of a statute must be done in a manner that does not render it ineffective or meaningless). Accepting Martin's argument would also negate the policy choice made by the Legislature in defining when disclosure is required. By linking disclosure to the damage amount as a percentage of the retail price, the Legislature choose to provide car dealers with a threshold under which minor repairs could occur without exposure to liability for non-disclosure. The legislative purpose of the statute is to protect the consumer (see e.g., 9 V.S.A. 4084), yet the Legislature must have concluded that section 4087(d), allowing the non-disclosure of specified corrected damage of a minor nature, was consistent with that purpose.

Plaintiff finally argues that even if the statute otherwise applies, its effect is in conflict with the competing provisions of the Consumer Fraud Act, which, it claims, required disclosure of the repair, and Plaintiff thus asks the court to rule that the more demanding provisions of the Consumer Fraud Act trump the exemption allowed under section 4087. Defendant Berlin City, on the other hand, argues that section 4087 entirely supercedes the Consumer Fraud Act as related to disclosures concerning new cars. Berlin City argues that because section 4087 was enacted subsequent to the Consumer Fraud Act and because it specifically regulates a dealer's obligation to disclose as opposed to more generally regulatory obligations arising under the Consumer Fraud Act, the section 4087 overrides any disclosures required by the CFA.

The court's task is to give maximum effect to all legislative provisions where they can be harmonized. In the case of new cars offered for sale by dealers, it is unnecessary to rest a ruling on the conclusion that the requirements of the Consumer Fraud Act have no applicability to new

-4-

car sales where there has been a body dent exempt from disclosure under section 4087. The Court can envision a factual scenario in which a dealer could comply with the requirements of section 4087 and yet failure to disclose could be a violation of the Consumer Fraud Act. If, for example, Martin had specifically informed Berlin City that she understood that occasionally cars receive minor dents in transport and are repaired by the dealer, but that she wished to purchase only a vehicle that had never been dented or repaired, even to a minor degree, and Berlin City proceeded to sell Martin the car she bought without disclosing the dent, then the omission could have triggered the Act's deceptive practice provision. Here, however, Martin merely stated that she wanted a "brand new" car, one which was "good and reliable." The terms of section 4087 define what constitutes and is presumed to be a "new" vehicle under normal consumer circumstances. When Berlin City sold Martin her vehicle, the vehicle was new under this definition and promised to be "good and reliable" irrespective of the corrected dent. Therefore, Berlin City was not required to disclose to her the existence of the corrected dent. Under the circumstances of this case, both the Consumer Fraud Act and section 4087 apply and interact in a manner that gives effect to the legislative purpose of both statutes, and in fact, Martin never had any problems with the vehicle based on the existence of the corrected roof dent. The existence of the CFA should not be allowed to be used as the basis for recoveries that are beyond the level of protection called for by the legislative purpose.

Given this Court's decision regarding the application of 9 V.S.A. § 4087(d), Martin's additional claims of Common Law Fraud and Negligent Misrepresentation do not survive summary judgment. To support a claim for Common Law Fraud, Martin must show that Berlin City intentionally misrepresented the condition of the vehicle. Under these facts, because the statute specifically permitted Berlin City to repair the dent without disclosing it and sell the car as a new car, Plaintiff cannot show that Berlin City intentionally misrepresented the condition of the vehicle. In addition, Plaintiff cannot show damages arising from non-disclosure of the dent.

As for Negligent Misrepresentation, the same reasoning applies. To bring that cause of action, Martin must show that Berlin City failed to use reasonable care when it did not disclose the repaired dent. Berlin City reasonably relied on the statute defining the circumstances under which disclosure of such a repair was not required, and thus Plaintiff cannot show that Berlin City's non-disclosure of the dent was unreasonable. Plaintiff also cannot show damages.

## ORDER

For the foregoing reasons,
The Defendant's Motion for Summary Judgment is GRANTED.

Dated at Burlington, Vermont, this ___7___ day of February, 2002.

*Mary Miles Teachout*

Hon. Mary Miles Teachout
Superior Court Judge

-5-

## STATE OF VERMONT
## CHITTENDEN COUNTY, SS.

JESSICA MARTIN,          )
       Plaintiff,          )
                         )
      v.                  )      Chittenden Superior Court
                         )      Docket No. S-1433-00 CnC
BERLIN CITY'S VT REMARKETED   )
AUTOS INC.,                )
       Defendant.         )

CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

FEB    2002

DIANE A. LAVALLEE
CLERK

## JUDGMENT

      This action came on for consideration of the Motion of Defendant for Summary Judgment before the Court, Honorable Mary Miles Teachout presiding, and the Court on February 7, 2002 having granted Defendant's Motion for Summary Judgment,

      It is ORDERED and ADJUDGED that judgment is entered for the Defendant, and Plaintiff shall take nothing on the claim.

      Date at Burlington, Vermont this 7 day of February, 2002.


                                  *Mary Miles Teachout*
                                  Hon. Mary Miles Teachout
                                  Presiding Judge

